**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

PRISCILLA PHIPPS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

SOUTH EAST CLIENT SERVICES INC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No. 6:26-cv-685**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff Priscilla Phipps brings this class action against Defendant South East Client Services Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

2. Plaintiff, Priscilla Phipps ("Plaintiff"), brings this putative class action for damages resulting from South East Client Services Inc.'s ("South East" or "Defendant") placement of debt collection text messages and emails to Plaintiff after Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392.001, et seq. (the "TDCA").

3. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications.

4. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant attempting to collect alleged debts owed to Cash For Whatever, Plaintiff notified Defendant in writing that she wished Defendant to cease further debt collection communications.

5. Nonetheless, Defendant continued to send Plaintiff debt collection emails after Plaintiff communicated her desire to cease further communications.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the members of the Classes. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

7. Plaintiff seeks relief for herself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751–53 (2012).

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's claims under the Texas Debt Collection Act arise from the same common nucleus of operative facts as Plaintiff's federal claims.

10. The Court has personal jurisdiction over Defendant because Defendant sent debt collection text messages and emails to Plaintiff within this District.

11. Venue is proper in this District because Plaintiff resides within this District and the acts that give rise to Plaintiff's claims—including but not limited to Defendant's sending of text messages and emails to Plaintiff—occurred within this District.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Bell County, Texas.

13. Defendant South East Client Services Inc. is a debt collector with its principal office located at 1055 Howell Mill Rd NW, Floor 8, Atlanta, GA 30318. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS

14. Plaintiff incurred an alleged debt (the "Debt") arising out of services rendered by Cash For Whatever (the "Original Creditor"), which debt was incurred primarily for personal, family, or household purposes.

15. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5). The Debt also constitutes a "consumer debt" under Tex. Fin. Code § 392.001(2), as it is an obligation primarily for personal, family, or household purposes arising from a transaction.

16. Thereafter, the Original Creditor enlisted Defendant to collect the Debt on its behalf. Defendant meets the definition of "debt collector" under 15 U.S.C. § 1692a(6), as its principal purpose is the collection of debts and it regularly collects debts owed to another. Defendant also meets the definition of "debt collector" under Tex. Fin. Code § 392.001(6), as Defendant directly engages in debt collection.

17. On or about June 2026, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number ending in 4099, from short code 75928, in an attempt to collect the Debt, including, but not limited to, messages sent on June 27, 2026.

18. The text messages identified Defendant as a debt collector, referenced Plaintiff's Cash For Whatever account, and directed Plaintiff to a website to view payment plan options.

19. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country.

20. On or about June 27, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff by responding "Stop" to Defendant's debt collection text messages, as shown below:


11:14
84
75928
or call
current creditor is National Debt
Holdings). Reply STOP to opt-out
Sat, Jun 27 at 2:26 PM
We have limited time to work with you before we must return your Cash For Whatever (for which the current creditor is National Debt Holdings) account to our client. See your options at https://pay.southeastclientservicesinc-.com/s/6jV0LP8k81 or call 888-568-8986. This text is from South East Client Services Inc, a debt collector. Reply STOP to opt-out
Sat, Jun 27 at 5:20 PM
Stop
South East Client Services Inc- Debt Collector: You've successfully unsubscribed and will no longer receive texts
If you did not expect this message from an unknown sender, it may be spam
Stop or Report Spam
Text Message · SMS

21. Thereafter, Defendant confirmed that Plaintiff would no longer receive text messages, stating: "South East Client Services Inc- Debt Collector: You've successfully unsubscribed and will no longer receive texts", as shown above.

22. Despite Plaintiff's written communication requesting that Defendant cease further contact, Defendant continued to send Plaintiff debt collection communications after Plaintiff communicated her written request that Defendant cease further communications. Specifically, Defendant sent additional debt collection emails to Plaintiff on or about June 28, 2026, July 14, 2026, July 24, 2026, and August 2, 2026, as shown below:






23. Plaintiff's time was wasted tending to Defendant's text messages sent after she communicated her request that Defendant cease further communications.

24. Moreover, Defendant's continued debt collection messages annoyed, frustrated, and angered Plaintiff.

25. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

26. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Classes after they asked Defendant to cease its debt collection texts.

27. Defendant's text messages caused Plaintiff and the members of the Classes harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Classes

28. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

29. Plaintiff brings this case on behalf of the Classes defined as follows:

> **FDCPA Class: All persons within the United States to whom Defendant or its agent/s and/or employee/s sent a debt collection text message or email to said person's cellular telephone or electronic mail address within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.**
>
> **Texas Class: All persons within the State of Texas to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the two year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication, in violation of Tex. Fin. Code § 392.302(4).**

30. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

31. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the members of the Classes number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

32. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States after receiving written communications asking it to cease contact. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of the Classes' members are unknown at this time and can only be ascertained through discovery. Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

34. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes. These questions include:

a. Whether Defendant sent debt collection text messages or emails to Plaintiff and Classes' members' cellular telephones after being advised in writing to cease communications;

b. Whether Defendant's practice of sending debt collection communications to consumers after being asked to cease doing so violates the FDCPA and/or the TDCA;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from such conduct in the future.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages and emails to telephone numbers assigned to cellular telephone after being asked to cease communications is accurate, Plaintiff and the Classes' members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. <u>Typicality</u>**

36. Plaintiff's claims are typical of the claims of the Classes' members, as they are all based on the same factual and legal theories.

**E. <u>Protecting the Interests of the Classes' Members</u>**

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**F. <u>Proceeding Via Class Action is Superior and Advisable</u>**

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Classes' members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for members of the Classes to bring individual actions.

39. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

40. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

41. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

42. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual members of the Classes would be dispositive of the interest of all other members of the Classes.

43. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Classes.

**COUNT I**
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)**
**(On Behalf of Plaintiff and the FDCPA Class)**

44. Plaintiff repeats and re-alleges paragraphs 1 through 43 of this Complaint and incorporates them herein by reference.

45. The FDCPA, 15 U.S.C. § 1692c(c) provides that "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified

remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

46. Plaintiff and members of the putative class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their refusal to pay the debt and/or their desire that Defendant cease further contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection communications.

47. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers' debts and demanded payments from Plaintiff and members of the putative class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

48. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

**COUNT II**
**Violations of the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4)**
**(On Behalf of Plaintiff and the Texas Class)**

49. Plaintiff repeats and re-alleges paragraphs 1 through 43 of this Complaint and incorporates them herein by reference.

50. The Texas Debt Collection Act ("TDCA") prohibits debt collectors from "oppress[ing], harass[ing], or abus[ing] a person" in connection with the collection of a debt. Tex. Fin. Code § 392.302. Section 392.302(4) specifically prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4).

51. Section 392.302(4) is "substantially similar" to its federal counterpart, 15 U.S.C. § 1692d(5), and courts may look to FDCPA harassment cases for guidance in interpreting this TDCA provision. *Galarza v. TD Bank, N.A.*, No. SA-20-CV-00981-OLG, 2021 WL 8055654, at *2 n.3 (W.D. Tex. Nov. 2, 2021). Intent to harass may be inferred from the frequency, pattern, substance, and circumstances of the communications, including continued contact after a consumer has provided written notice revoking consent to receive further communications. *Id.* at *4.

52. Defendant's debt collection text messages to Plaintiff's cellular telephone are functionally equivalent to telephone calls for purposes of § 392.302(4). Under Texas law, telephone communications —including text messages— are treated as functionally equivalent to calls for harassment purposes. Each text message caused Plaintiff's cellular telephone to emit alerts, notifications, and vibrations at the called number, which is indistinguishable from "causing a telephone to ring" within the meaning of the statute. Defendant's conduct—transmitting a debt collection text message to Plaintiff's cellular telephone after receiving Plaintiff's written cease communication request—constitutes causing a telephone to ring repeatedly within the meaning of Tex. Fin. Code § 392.302(4).

53. Defendant's intent to harass Plaintiff is evidenced by the pattern and circumstances of its communications. Plaintiff expressly requested in writing that Defendant cease all calls, texts, and emails and restrict any communication to U.S. mail, yet Defendant continued to send debt collection text messages to Plaintiff through the same short code. *See Galarza*, 2021 WL 8055654, at *4.

54. Defendant engaged in the same or similar conduct with respect to members of the putative Texas Class.

55. As a result of Defendant's violations of Tex. Fin. Code § 392.302(4), Plaintiff and the Texas Class are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code § 392.403(a). Additionally, because Plaintiff successfully maintains this action, Plaintiff and the Texas Class are entitled to reasonable attorneys' fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

(a) Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

(b) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3);

(c) Injunctive relief, actual damages, and reasonable attorneys' fees and costs as provided under the Texas Debt Collection Act, pursuant to Tex. Fin. Code § 392.403(a)-(b); and

(d) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers with Defendant and the communication or transmittal of the communications as alleged herein.

Dated: October 28, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher E. Berman*
Christopher E. Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*